■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ORTIZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered February 2, 1990, convicting defendant, after a jury trial, of murder in the second degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree, and sentencing him as a second felony offender to concurrent terms of 15 years to life, 10 to 20 years, and an unconditional discharge respectively, unanimously affirmed.

Defendant and is co-defendants were convicted of unlawfully entering and remaining in an apartment from whose window the victim was ejected, in an apparent drug dispute. Death resulted from injuries sustained as a result of the fall. An acquaintance of defendant testified for the prosecution that she had seen defendant and others in a dispute with an occupant of the subject apartment, earlier in the evening. She also observed the arrival of an apparent confederate, with guns, which were disbursed to defendant and his accomplices. Defendant warned her that there was going to be a shootout. When the armed defendant went to the subject apartment, this witness was in a stairwell about ten feet away. She saw them "charge" into the apartment, heard a commotion within, heard defendant instruct someone to kill someone, and heard a shot before she fled to a ground floor apartment. Responding police determined that a shot had been fired, and observed a broken window in the apartment above where the body lay. Another prosecution witness, standing outside, heard glass break, and saw the victim hurtle to the ground.

Viewing the evidence in the light most favorable to the People, as we must (People v Contes, 60 NY2d 620), the evidence was legally sufficient to support the charges (People v Bleakley, 69 NY2d 490, 495). With respect to the burglary charge, the evidence was sufficient to establish that the defendant entered the subject apartment with intent to commit a crime therein (Penal Law § 140.30).

With respect to the potential prosecution witness to whom the prosecutor alluded in his opening statement, we cannot conclude that the prosecutor exercised bad faith, or that substantial prejudice accrued to defendant (People v De Tore, 34 NY2d 199, 207, cert denied sub nom. Wedra v New York, 419 US 1025). We note that prior to summations, after defense

counsel made a motion for mistrial on this basis, the court gave appropriate curative instructions. The jury is presumed to have followed these instructions (People v Berg, 59 NY2d 294, 299-300).

By excluding two spectators from the courtroom, the trial court did not deprive defendant of his right to a pubic trial, which must give way, under certain conditions, to the court's interest in the administration of justice (People v Hinton, 31 NY2d 71, 74, cert denied 410 US 911). Here, the spectators had arrived during the testimony of the prosecution's main witness. When she saw them, she became distraught, stating, "I can't go forward. Oh my God, I won't testify". Out of the presence of the jury, she represented that one of these men was a brother of a defendant, and that he had threatened her previously. The extent of the court's inquiry was sufficient, and this reason was sufficiently compelling, for the court to order those spectators' exclusion from the courtroom (People v Osborne, 169 AD2d 565).

Finally, we find without merit defendant's contention that he was deprived of a fair trial as a result of the prosecution's failure to disclose before trial that this same witness was also a witness in two unrelated homicide cases. Defendant failed to establish any exculpatory dimension to this collateral information, any connection between those other cases and any issue in the present trial, or any manner in which that information bore directly on this witness' credibility.

Collateral evidence, even if it tends to discredit a witness, is not admissible as of right on cross-examination, but rather is a matter of the discretion of the Trial Judge (La Beau v People, 34 NY 223, 230). In People v Sorge (301 NY 198, 202) the Court of Appeals stated that: "[A]lthough there may be room for a difference of opinion as to the scope and extent of cross-examination, the wide latitude and the broad discretion that must be vouchsafed to the trial judge, if he is to administer a trial effectively, precludes this court, in the absence of 'plain abuse and injustice' (La Beau v. People, supra, 34 N. Y. 223, 230), from substituting its judgment for his and from making that difference of opinion, in the difficult and ineffable realm of discretion, a basis for reversal."

Although the Trial Judge was unable to rule on the admissibility of this evidence during the trial, he made clear in ruling on the motion to set aside the verdict, pursuant to which a hearing was held, that he deemed the circumstance that the witness in this case was also a material witness to two

unrelated homicides, which had occurred within an 18 month period, to be unremarkable given the level of drug trafficking in her neighborhood. As it is evident that the Trial Judge would not have permitted cross-examination on this collateral issue, we find no reversible error in the People's failure to advise defendant that the witness was also a material witness in the unrelated homicide cases. Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.