■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER DOKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 5, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested for selling drugs to an undercover police officer during a buy-and-bust operation conducted by the Queens Tactical Narcotics Task Force. The arresting officer claimed that he had confiscated additional vials of cocaine and a quantity of marihuana from the defendant's pants pocket. The attorney who represented the defendant at arraignment recalled that the garments worn by the defendant at the time of his arrest had no pockets. Since the seller's identification subsequently became a key issue in the case, the defendant maintains that the court's preclusion of the attorney's reasons for remembering a specific detail about the defendant's clothing deprived him of a fair trial. We disagree.

"Evidence, while technically relevant, may be excluded if it is too slight, remote, or conjectural to have any legitimate influence in determining the fact in issue" *(People v O'Connor,* 154 AD2d 626, 627). Here, the prospective testimony of the attorney's reasons for remembering details of the defendant's clothing was not determinative of the issue of the defendant's identification, particularly in light of the other positive identification evidence in the case.

The defendant's absence from the informal conference between the court and counsel prior to voir dire, during which the sole matters of discussion were ministerial matters of jury selection and the recording of the peremptory and for-cause challenges, did not deprive him of a fair trial. "The in-chambers discussion was a mere preliminary advisement of the court of challenges later effectuated in open court in the presence of defendant and thus did not constitute a material part of the trial" *(People v Velasco,* 77 NY2d 469, 473).

Nor was the defendant prejudiced by his absence from the precharge conference between the court and counsel or from a conference during which the court's earlier *Sandoval* rulings

were discussed and modified slightly in the defendant's favor. The defendant's absences did not effect his ability to defend himself against the charges in any way and thus did not violate his due process right to be present at trial *(see, People v Rodriguez,* 76 NY2d 918, 921).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.