■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JORDAN, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J., at *Sandoval* hearing, jury trial and sentence), rendered June 20, 1989, convicting defendant of robbery in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of from 10 to 20 years, 7½ to 15 years, and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's argument that he was deprived of his due process right to be present at all material stages of his trial because he was not present during the *Sandoval* hearing, is without merit in the circumstances. Inquiry was precluded regarding two prior misdemeanor convictions, limited to only the fact of one prior felony conviction, and permitted as to defendant's other prior felony conviction and the underlying facts thereof (regarding possession of a stolen automobile). The trial court's ruling on defendant's undisputed criminal record, made only after the court duly heard full argument of counsel, clearly constituted a proper exercise of discretion *(see, People v Lee,* 168 AD2d 267). Additionally, defendant concedes that "none of the parties attached any significance" to defendant's absence from the courtroom at the time of the ruling. Nor was there objection so as to preserve the issue. Defendant testified on direct examination that he had, indeed, been convicted previously of two felonies. Thus, defendant has failed to show that his absence from the courtroom at the time of the *Sandoval* ruling had any substantial effect upon his opportunity to defend *(see, e.g., People v Mullen,* 44 NY2d 1).

Likewise without merit is defendant's argument that the

trial court erred in its charge to the jury regarding the concept of "reasonable doubt." The court's explanation, *inter alia,* that a reasonable doubt "is a doubt for which a [juror] could give a reason if he or she were called upon to do so in the jury room" adequately conveyed the appropriate standard *(see, e.g., People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

We perceive no abuse of discretion by the trial court in imposing sentence. The court duly reviewed all available sentencing data, including the circumstances of the instant case, the probation report, defendant's predicate felon status, and his prior criminal history *(see, e.g., People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur —Murphy, P. J., Carro, Wallach, Kupferman and Smith, JJ.