■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ROSE, Appellant.—Judgment, Supreme Court, Bronx County (William T. Martin, J., at *Sandoval* Hearing, jury trial, and sentence), entered April 18, 1988, convicting defendant of the crime of rape in the first degree (Penal Law § 130.35 [1]), and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of from eight to sixteen years, is unanimously reversed, on the law and on the facts, judgment vacated, and the matter remanded for a new trial.

By order, entered April 9, 1991, we held this appeal in abeyance and remanded for an evidentiary hearing, as to whether defendant was present at the *Sandoval* Hearing (172 AD2d 230).

Following an investigation, by defense counsel and the office of the District Attorney, those parties filed with this Court, a stipulation, executed by them, dated June 11, 1991, reflecting that defendant was "absent from the courtroom during the *Sandoval* Hearing on March 22, 1988, which preceded his trial". Specifically, that stipulation states, in paragraph 1: "The 'pen register' kept by the Department of Corrections in Bronx Supreme Court, which shows when any defendant is taken from the centrally located 'pens' to a courtroom, shows that appellant was produced in court no earlier than 12:05 P.M. on March 22, 1988. The transcript of the *Sandoval* hearing makes clear that the hearing was concluded before noon on that date (pp. 7-8)."

Since we find, based upon that stipulation, that defendant was unequivocally absent, without waiver *(cf., People v Jordan,* 174 AD2d 490), from the *Sandoval* Hearing *(People v Sandoval,* 34 NY2d 371 [1974]), we further

find that his due process right to be personally present at all material stages of the trial *(see, People v Mehmedi,* 69 NY2d 759, 760 [1987]; CPL 260.20) was violated.

Accordingly we reverse, and remand for a new trial. Concur —Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.