■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered August 7, 1989, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of the shooting death of Louis Crummell after Crummell instigated an argument over money he claimed he was owed. After the defendant walked away from Crummell, Crummell persisted in his argument and threatened the defendant. According to a witness, however, Crummell eventually started to walk away from the defendant, and as he did so, the defendant picked up a gun which was lying nearby and fired three shots at Crummell from the rear, hitting him once.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

While the defendant contends that the testimony of the prosecution witness was incredible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 96). Any inconsistencies between the witness's trial testimony and her Grand Jury testimony, as well as her possible motive to lie, were fully explored at trial. The jury's determination that she was a credible witness should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The People's evidence was sufficient to disprove the defendant's justification defense because the evidence showed that Crummell had ceased arguing and had turned to walk away from the defendant and was

thereupon shot from the rear by the defendant, which shooting from the rear was testified to by the People's main witness and was corroborated by medical evidence.

Additionally, the court did not improvidently exercise its discretion in granting the People's request to partially close the courtroom during the testimony of one of the witnesses. The court had before it sufficient facts to justify the closure of the courtroom to the defendant's family during the testimony of a witness who had indicated that she had been threatened by the defendant and feared his family (see, People v Jones, 47 NY2d 409, 414-415, cert denied 444 US 946; People v Woods, 156 AD2d 609, 610).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.