■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FLOYD, Appellant.

We find no merit to the defendant's contention that he was denied due process of law because he was excluded from the Sandoval conference held in the court's chambers. At the conclusion of the Mapp hearing, the court continued the defendant on bail, but advised him that the trial would commence the following day and that he would be tried in

absentia if he failed to return. Thereafter, the court held the *Sandoval* conference in chambers in the presence of counsel, but in the defendant's absence. Subsequently, sometime during jury selection, the defendant absconded and he was tried in absentia.

Although it is settled that a "defendant has a fundamental right to be present at all material stages of [the] trial" *(People v Mehmedi,* 69 NY2d 759, 760), it has not always been clear as to what constitutes a "material stage" of the trial. In *People v Velasco* (77 NY2d 469), however, the Court of Appeals emphasized and reaffirmed the operative principles: "under CPL 260.20, a defendant's right to be present during the trial of an indictment include[s] presence during the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court's charge to the jury * * * '[a]part from our statutory provision, due process requires the presence of a defendant at his trial "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *(Snyder v Massachusetts,* 291 US 97, 108.) His presence is required only where his absence would have a substantial effect on his ability to defend. *(Snyder v Massachusetts,* 291 US, at pp 105-106 * * *.)' *([People v Mullen],* 44 NY2d [1], 4-5].)" *(People v Velasco, supra,* at 472.) Thus, where a defendant's absence does not prejudice him or affect his ability to defend, there is no deprivation of due process *(see, e.g., People v Rodriguez,* 76 NY2d 918 [defendant was absent from a colloquy outside the jury's presence in which his attorney discussed the sufficiency of the rending back of testimony to the jury]; *People v Dokes,* 173 AD2d 724 [defendant was absent from a precharge conference, an informal conference prior to voir dire concerning ministerial matters of jury selection, and a conference in which the court modified its earlier *Sandoval* ruling slightly in the defendant's favor]; *People v Jordan,* 174 AD2d 490 [defendant was absent during a *Sandoval* hearing, but " 'none of the parties attached any significance' to (his) absence" at the time, his criminal record was undisputed, and he testified on direct examination about his previous felony convictions]).

In the instant case, the record discloses that during the trial none of the parties attached any significance to the defendant's absence at the *Sandoval* conference. The present claim is raised for the first time on appeal. Notably, no dispute concerning the defendant's criminal record was raised at the conference *(cf., People v Jenkins,* 157 AD2d 854). The defendant has failed to demonstrate how he was prejudiced or how

his ability to defend was affected by his absence from the *Sandoval* conference. Under these circumstances, the defendant's absence from the *Sandoval* conference did not violate his due process right to be present at trial *(see, People v Rodriguez, supra).* Insofar as cases decided prior to *People v Velasco (supra),* suggest a different result, they should not be followed.

In addition, it was not error for the court to try the defendant in absentia. The court warned the defendant extensively that, if he failed to appear, the trial would proceed in his absence, and informed him of the rights he would be waiving. The court ordered that a trial be held in absentia only after inquiring into the circumstances underlying the defendant's absence and concluding that he had absconded. The court continued to inquire about the defendant's absence throughout the trial. When the defendant was arrested and returned to court the day after summations, the court offered to reopen the case, but the defendant declined the offer. We note further that the defendant offered no explanation for his absence *(see, People v Brooks,* 75 NY2d 898, *amended on other grounds* 76 NY2d 746; *People v Sanchez,* 65 NY2d 436; *People v Parker,* 57 NY2d 136).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.