■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HARRISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered May 8, 1990, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the selection of the jury in the defendant's trial, the complaining witness was transported from Rikers Island to the courthouse on the same bus as the defendant. Before trial, the defense counsel sought a ruling on the admissibility of a statement by the complaining witness to counsel which exculpated the defendant. In response, the prosecutor contended that the witness had been threatened or intimidated during the bus ride to prevent him from testifying. Before ruling on the admissibility of the witness's statement and the circumstances under which it was made, the trial court offered to conduct an in camera interview of the witness, on the record, and outside of the presence of the defendant, the defense counsel, and the prosecutor. The defense counsel agreed to this procedure. On the next day of jury selection, the court read the entire transcript of the interview into the record and held that the statement would be admissible at the trial, since it was voluntarily given by the witness, but that the prose-

cutor could, in turn, question the witness as to circumstances surrounding the statement.

Under these circumstances, we find from the defense counsel's failure to object to the defendant's absence from the interview that it is apparent that defense counsel did not believe that the in camera inquiry of the complaining witness prejudiced the defendant's defense (cf., People v Turaine, 78 NY2d 871; see, People v Reed, 168 AD2d 645, 646). Moreover, since the transcript of the proceeding was available to the defense before trial, the defendant's absence did not have substantial effect on his ability to defend (see, People v Rodriguez, 76 NY2d 918; see, People v Floyd, 179 AD2d 770; People v Dokes, 173 AD2d 724, lv granted 78 NY2d 1075; People v Jordan, 174 AD2d 490; cf., People v Turaine, supra).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Copertino and Pizzuto, JJ., concur.