■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JUAN RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered February 2, 1990, convicting defendant of murder in the second degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of imprisonment of 15 years to life and 10 to 20 years, and an unconditional discharge, respectively, unanimously affirmed.

Viewing the facts in a light most favorable to the People and giving them the benefit of every reasonable inference to be drawn therefrom, we have no difficulty in accepting as reasonable the inference that defendant, acting in concert with his codefendants, who unsuccessfully challenged the sufficiency of the evidence on their appeals *(People v Ortiz,* 173 AD2d 189, *lv denied* 78 NY2d 1129; *People v Sanchez,* 177 AD2d 267, *lv denied* 79 NY2d 863), caused the death of the victim (Penal Law § 125.25 [3]; *People v Benzinger,* 36 NY2d 29; *People v Wood,* 8 NY2d 48, 51-53). Defendant argues that the victim might have fallen through the window to avoid being shot by a "non-participant" taking defensive action, but the claim rests on speculation.

Nor is the proof of defendant's guilt insufficient because the court charged that in order to establish felony murder the evidence had to show that defendant committed the crime of burglary in the first degree. The evidence at trial shows that the entire building was a dwelling; unlawful entry into part of a building that is a dwelling is the burglary of that "dwelling" *(People v Torres,* 162 AD2d 385, *lv denied* 76 NY2d 897), and Penal Law § 140.00 (2) provides, *inter alia,* that "[w]here a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building." Accordingly any question whether the particular apartment in which the attack occurred was a separate dwelling was not a basis for an acquittal *(see also, People v Lewoc,* 101 AD2d 927).

Contrary to defendant's argument, the court's charge was balanced. "Although the court engaged in some limited discussion of the evidence, it did so to explain the application of the law to the facts, and was not required to refer to all the evidence or explain all the inconsistencies therein. *(People v Thomas,* 166 AD2d 624.)" *(People v Weaver,* 171 AD2d 514, 514-515, *lv denied* 78 NY2d 927.) Moreover, the court made it plain that defendant and his codefendants wanted the jury to reject the testimony of the main prosecution witness on the various grounds advanced by their counsel.

We have considered defendant's remaining claims, including

those that he incorporates by reference to the appeals of his codefendants, and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Asch and Rubin, JJ.