■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ, Appellant. [595 NYS2d 33] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered June 8, 1990, convicting defendant, after a jury trial, of reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 2½ to 7 years imprisonment, unanimously affirmed.

The IAS Court properly granted the People's motion to amend the indictment. The evidence demonstrates that the Grand Jury voted to indict defendant for, *inter alia,* second degree criminal possession of a weapon; however, said count was inadvertently omitted from the filed indictment. The amendment clearly does not alter the theory of the prosecution. The Grand Jury heard evidence supporting such a count and had voted to so charge defendant. Hence, the IAS Court properly rectified a ministerial error (CPL 200.70; *see, People v Gray,* 157 AD2d 596, *lv denied* 75 NY2d 966; *People v Vasquez,* 189 AD2d 578).

Defendant also contends that evidence of uncharged crimes was introduced, to his prejudice. This contention was not properly preserved for this Court's review as a matter of law and we thus do not address it. Were we to review in the interest of justice, we would find it to be of no merit. Indeed, the possession of bullets is not a crime and such evidence was necessary to complete the witness' narrative *(see, People v Mendez,* 165 AD2d 751, *lv denied* 77 NY2d 880). Moreover, the other alleged evidence of an uncharged crime—that defendant pointed a gun at the complainant's brother—was stricken from the record and defense counsel expressly requested no further judicial action.

We also find that the sentence imposed upon defendant was fair and proper under the circumstances.

We have considered defendant's remaining claims and find them to be meritless. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.