■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MANUEL RODRIGUEZ, Also Known as MANUEL ORTIZ RODRI-GUEZ, Appellant. [608 NYS2d 63] —Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered February 2, 1990, convicting defendant, after a jury trial, of murder in the second degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of 15 years to life, 8 and 1/3 to 25 years, and 1 year, respectively, unanimously affirmed.

Defendant's contention that he was denied a fair trial by the court's instruction concerning his decision not to testify is unpreserved as a matter of law, no objection to the instruction having been made, and we decline to review the issue in the interest of justice. Were we to review, we would find that the instruction conveyed the appropriate standard (see, People v Nunez, 182 AD2d 527, lv denied 80 NY2d 836). Also unpreserved as a matter of law is defendant's argument that he was denied a fair trial by the People's failure to disclose the name, address and identity of their main witness to the murder until selection of the jury, and we decline to review the issue in the interest of justice. Were we to review, we would find that the delayed disclosure was justified by a showing that the witness had been threatened and was in fear of defendant and his co-defendants.

Contrary to defendant's contention, his guilt of burglary in the first degree, as charged to the jury, was supported by the evidence (People v Bleakley, 69 NY2d 490). We note that defendant did not object to the court's charge that he and his co-defendants could be found guilty if they entered the victim's dwelling without authority or permission of an owner, and that the main witness unequivocally testified that defendant and his co-defendants charged into the apartment in question at gunpoint.

We have considered defendant's remaining claims, including those that he incorporates by reference previously raised on the appeals of his co-defendants, and find them to be without merit (see, People v Ortiz, 173 AD2d 189, lv denied 78 NY2d 1129; People v Sanchez, 177 AD2d 267, lv denied 79 NY2d 863; People v Rivera, 183 AD2d 420, lv denied 80 NY2d 933). Concur—Sullivan, J. P., Wallach, Asch and Nardelli, JJ.