■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY GRAHAM, Appellant. [606 NYS2d 780] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 7, 1992, convicting him of murder in the second degree, robbery in the first degree, assault in the first degree, and reckless endangerment in the first degree under Indictment No. 1851/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 7, 1992, revoking a sentence of probation previously imposed by the same court (Pesce, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree under Indictment No. 9153/87.

Ordered that the judgment and the amended judgment are affirmed.

Upon the People's application, the trial court partially closed the courtroom and excluded the defendant's young male friends during the testimony of one of the People's witnesses. The court permitted all of the women, including the defendant's mother and girlfriend, to remain in the courtroom.

The decision to close a courtroom must be preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial has not been sacrificed for less than compelling reasons (see, People v Martinez, 82 NY2d 436; People v Jones, 47 NY2d 409, 414-415, cert denied 444 US 946). A formal hearing is not always required, and careful inquiry directed at counsel, the witness, or the spectators present in the courtroom may be sufficient (see, People v Jones, supra, at 415).

In the present case, the court did not improvidently exercise its discretion in closing the courtroom. The People established that the witness was afraid to testify because the defendant's brother had threatened to kill her if she appeared in court, and that the defendant's friends had threatened the witness's brother and mother.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review (see, CPL 470.05 [2]) and, in any event, without merit. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.