■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CHICAS, Appellant. [611 NYS2d 873] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered July 30, 1991, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

While the defendant has a constitutional right to be present at any material stage of the trial, and proceedings where testimony is received are considered to be material stages, the defendant's presence is only required where his absence would have a substantial effect on his ability to defend (see, *People v Turaine*, 78 NY2d 871; see also, *People v Mullen*, 44 NY2d 1, 5). Here, the absence of both the defendant and his counsel from an in-camera hearing, held by the trial court in order to determine whether the defendant and his companion had made threatening statements to one of the People's witnesses in an effort to coerce the witness to testify favorably for the

defendant, did not have a substantial effect upon the defendant's ability to defend himself. Although the defense counsel knew that the in-camera hearing was occurring, he failed to object. Therefore, it may be implied that he did not consider the inquiry to have any prejudicial effect *(see, People v Harrison,* 181 AD2d 743). Moreover, since the defense counsel was provided with a transcript of the testimony prior to cross-examining the witness, there was adequate opportunity to confront the witness. We further note that in the case at bar the outcome of the in-camera hearing was wholly favorable to the defendant *(cf., People v Turaine, supra; see also, People v Harrison, supra,* at 744).

Further, the defendant's claim of ineffective assistance of counsel is without merit. It is incumbent upon the defendant to demonstrate the absence of strategic or other legitimate explanations for a defense counsel's failure to bring a pre-trial motion *(see, People v Rivera,* 71 NY2d 705, 709; *see also, People v Wells,* 187 AD2d 745). The defendant failed to make any showing, upon appeal, and a review of the record as a whole indicates that the defendant was not denied meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

It was an error for the trial court to grant the People's motion to amend the indictment to add the language "That the defendant possessed the dangerous instrument with the intent to use it unlawfully against another". We agree that the evidence demonstrates that the Grand Jury voted to indict the defendant, *inter alia,* for criminal possession of a weapon in the fourth degree, based upon evidence that he used a machete to seriously injure the complainants. However, the amendment of the indictment to include the aforesaid language is an impermissible substantive change in the indictment which cannot stand *(see, People v Perez,* 83 NY2d 269, *modfg* 191 AD2d 285). Thus, the conviction under the sixth count of the indictment charging the defendant with criminal possession of a weapon in the fourth degree, and the sentence imposed thereon, must be vacated. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.