■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDDY QUEZADA, Appellant. [631 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered May 4, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of October 19, 1991, the defendant pointed a gun out of the passenger-side window of an automobile, and opened fire on a group of people which included two government informants. Although the informants were not injured, one of the shots fired by the defendant struck and killed the victim, Jose Rosada.

On appeal, the defendant contends that the Trial Justice erred in excluding his family from the courtroom during the testimony of one of the informants who was the target of the shooting. This issue is unpreserved for appellate review and, in any event, without merit. At trial, the defense counsel conceded that it would be proper to exclude the general public from the

courtroom during the testimony of this witness, who was still actively engaged as a government informant, but contended that the defendant's family should be permitted to remain in the courtroom because they were already aware of the informant's identity. However, the informant testified at the closure hearing that he was afraid to testify in front of the defendant's family because his family in Santo Domingo had received a threatening visit from members of the defendant's family, who indicated that they would "take care of it" if his testimony resulted in the defendant's incarceration. Under these circumstances, the court did not improvidently exercise its discretion by extending the closure of the courtroom to the defendant's family (see, People v Graham, 200 AD2d 686).

We further find that the Trial Justice properly admitted testimony regarding the defendant's involvement in the sale of narcotics and his confrontation with the two government informants a few hours before the murder. The testimony was admissible to demonstrate the motive behind the defendant's failed attempt to kill the informants (see, People v Alvino, 71 NY2d 233; People v Moore, 213 AD2d 496; People v Jackman, 188 AD2d 550), and to complete the narrative of events (see, People v McDowell, 191 AD2d 515; People v Berrios, 176 AD2d 547).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.