■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBERT CALBER, Appellant. [642 NYS2d 15] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered July 7, 1994, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

Defendant argues that the arresting officer impermissibly bolstered the victim's identification testimony when he testified in Spanish that the victim told him, in Spanish, that defendant had robbed him. Inasmuch as the trial court's inquiry of the jurors revealed that they did not understand the officer's testimony, no prejudicial bolstering occurred. Nor did reference to an identification procedure with respect to the codefendant bolster the complainant's identification of defendant (*see, People v McClain*, 193 AD2d 515).

Defendant also asserts that the court erred in permitting a former police officer, identified solely by his name and position as an employee in "a New York City agency", to testify that he had previously interviewed defendant and had learned defendant's nickname. Defendant's unusual nickname, coupled with other evidence in the case, tended to connect him with the crime, and the testimony did not suggest a prior uncharged

crime since the witness neither identified himself as a police officer nor testified that he had obtained the information in connection with defendant's arrest (*see, People v Flores*, 210 AD2d 1, *lv denied* 84 NY2d 1031; *People v Perez*, 191 AD2d 285, *mod on other grounds* 83 NY2d 269).

In light of defendant's criminal history, including his propensity for violence, we do not perceive any abuse of discretion in sentencing. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.