■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD JONES, Appellant. [700 NYS2d 141] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered June 19, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously reversed, on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Subsequent to the arrest of defendant and two co-defendants during a buy and bust operation, the Grand Jury charged all three with criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]), because of their sale of two vials of crack cocaine. The second count in the indictment charged the co-defendants, but not defendant, with third-degree sale of a controlled substance (Penal Law § 220.39 [1]), based upon the same sale. The third count charged all three defendants with third-degree possession of the drugs (Penal Law § 220.16 [1]). During a bench conference prior to the presentation of evidence, the court indicated that it would not submit the first count of the indictment to the jury, apparently

in reliance upon the mistaken assumption that defendant had also been charged in the second count. At the subsequent charge conference, when the court was made aware that the defendant was not charged in the second count, it initially determined to change the prior determination and submit the top count in the indictment as to all three defendants. However, defense counsel objected, arguing that they had limited examination of witnesses in accordance with the court's prior advisement. The court and counsel then agreed to the compromise of "submitting count one as amended, and dropping the section as school grounds. In essence, a submission of count two". The indictment, as amended by the court, charged defendant with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). This amendment requires reversal because the trial court did not have the authority to add a new charge to the indictment (CPL 200.70 [1]).

A criminal defendant has a constitutional right to be tried only upon indictment by the Grand Jury (NY Const, art I, § 6; CPL 200.70), and "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Harper*, 37 NY2d 96, 99; *People v Iannone*, 45 NY2d 589). The Grand Jury's indictment serves the important purposes of providing a defendant with notice of the charges against him, so that he can prepare a defense, preventing the prosecution from usurping the powers of the Grand Jury "by ensuring that the crime for which defendant is tried is the same crime for which he was indicted", and preventing later retrials for the same offense "in contravention of the constitutional prohibition against double jeopardy" (*People v Grega*, 72 NY2d 489, 496). Where the right to fair notice of the charges by way of a Grand Jury indictment has been violated, reversal is required (*supra*).

CPL 200.70 sets forth the narrow circumstances under which an indictment may be amended at trial, and CPL 200.70 (2) (a) explicitly states that "[a]n indictment *may not be amended* * * * for the purpose of curing * * * [a] failure * * * to charge or state an offense" (emphasis added). The compromise agreed to by the court and counsel here violates CPL 200.70 (2) (a). This is true regardless of whether the Grand Jury considered Penal Law § 220.39 (1) with respect to defendant, or whether the failure to include defendant's name in the second count of the indictment was merely an oversight (*People v Perez*, 83 NY2d 269, 276 [even if the Grand Jury actually voted on a count but did not include it in the indictment, subsequent amendment to cure this error is not authorized by CPL 200.70]; *People v Chi-*

*cas*, 204 AD2d 476, *lv denied* 84 NY2d 906 [same]). Because the court lacked the authority to amend the instant indictment to add an offense with which defendant had not been charged, the conviction must be reversed and the indictment dismissed. Concur—Sullivan J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.