■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR ZURAN, Appellant. [826 NYS2d 133]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered March 28, 2003, convicting him of murder in the first degree and murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

When, during the direct examination of a witness for the People, it became apparent that the witness was reluctant to testify as she had before the grand jury, the prosecutor asserted that the witness had been threatened immediately prior to taking the stand and requested that he be permitted to introduce the witness's grand jury testimony into evidence. After the jury was excused, the witness testified in the open courtroom in the presence of the defendant, his attorney, and members of his family, about an encounter she had with members of the defendant's family in the ladies' room of the courthouse. It was only at this point, when it became clear that the witness was still reluctant to testify because of intimidation, that the trial court conducted an in camera inquiry of the witness in the presence of only a court officer and a court reporter.

Contrary to the defendant's contention, his constitutional right to be present at a material stage of trial was not violated when the trial court conducted the in camera inquiry of the witness about her reluctance to testify at trial (*see People v Grayton,* 22 AD3d 598 [2005]; *People v Babb,* 226 AD2d 469 [1996]; *People v Chicas,* 204 AD2d 476 [1994]; *People v Harrison,* 181 AD2d 743 [1992]). Similarly, in light of the witness's testimony about the threats made to her by two members of the defendant's family, the trial court did not improvidently exercise its discretion in excluding those two individuals from the courtroom when the trial resumed and the witness again took the stand (*see People v Quezada,* 218 AD2d 819 [1995]; *People v Graham,* 200 AD2d 686 [1994]; *People v Mack,* 178 AD2d 661 [1991]; *People v Ortiz,* 173 AD2d 189 [1991]; *People v Bumpus,* 163 AD2d 484 [1990]).

Moreover, it was also proper for the court to seal the affidavit supporting the search warrant in order to protect the anonymity of the confidential informants, and to protect them from danger, given the violent nature of the conduct alleged (*see People v Lee,* 205 AD2d 708 [1994]; *People v Battista,* 197 AD2d 486 [1993]; *People v Williams,* 192 AD2d 882 [1993]; *People v Woolnough,* 180 AD2d 837 [1992]). In any event, our review of the affidavit reveals that it sufficiently provided probable cause

for the search of the defendant's apartment. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.