■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY TORRES, Appellant. [946 NYS2d 225]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Alfieri, J.), rendered January 4, 2010, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record reveals that the prosecutor sought, and the Supreme Court made, a pretrial *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]). The defendant's contention that the court erred in admitting evidence of uncharged crimes and in failing to give a limiting instruction to the jury regarding use of this evidence is

unpreserved for appellate review since the defendant neither raised the arguments asserted on appeal, requested that the court give such an instruction to the jury, nor objected to the charge as given (*see* CPL 470.05 [2]; *People v Williams*, 50 NY2d 996, 998 [1980]). In any event, the defendant's contention is without merit.

The defendant's contention that the prosecutor untimely disclosed the criminal records of one of the People's witnesses (*see* CPL 240.45 [1] [b]) also is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, since the defendant was made aware of the witness's criminal history and used it for impeachment purposes, he was not prejudiced by the late disclosure (*see People v Osborne*, 91 NY2d 827, 828 [1997]; *People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Olibencia*, 45 AD3d 607, 608 [2007]; *People v Baines*, 270 AD2d 281 [2000]; *People v Lane*, 221 AD2d 371 [1995]).

The Supreme Court did not improvidently exercise its discretion in granting the People's request to close the courtroom during the testimony of one of the witnesses. At a hearing on the issue, the witness, two detectives, and a court officer testified that several people had threatened the witness while he was walking into the courtroom that morning and while he was on the stand earlier that day, and the witness testified that he feared for his safety. Accordingly, the court had before it sufficient facts to justify the closure of the courtroom (*see Waller v Georgia*, 467 US 39, 48 [1984]; *People v Frost*, 100 NY2d 129, 137 [2003]; *People v Graham*, 200 AD2d 686, 687 [1994]; *People v Mack*, 178 AD2d 661, 662 [1991]; *United States ex rel. Bruno v Herold*, 408 F2d 125 [1969], *cert denied* 397 US 957 [1970]; *United States ex rel. Orlando v Fay*, 350 F2d 967 [1965], *cert denied sub nom. Orlando v Follette*, 384 US 1008 [1966]).

The defendant's contentions that the prosecutor's summation remarks constituted reversible error because he vouched for the credibility of one of the People's witnesses and made remarks that were denigrating to the defense are unpreserved for appellate review because he failed to object to any of the comments (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 840 [1999]; *People v Dien*, 77 NY2d 885, 886 [1991]; *People v Balls*, 69 NY2d 641, 641 [1986]). In any event, the comments alleged to be prejudicial either were responsive to arguments and theories presented in the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v McCoy*, 89 AD3d 1110 [2011]; *People v Carey*, 67 AD3d 925 [2009]; *People v Williams*, 52 AD3d 851 [2008]; *People v Dominique*, 36 AD3d 624, 626 [2007]; *People v Holguin*, 284 AD2d 343 [2001]), or constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

Contrary to the defendant's contention, the Supreme Court did not impermissibly punish him for exercising his right to proceed to trial (*see People v Melendez,* 71 AD3d 1166, 1167 [2010]). The defendant was convicted of criminal possession of a controlled substance in the third degree, a class B felony (*see* Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree, also a class B felony (*see* Penal Law § 220.39 [1]). Since he was a second felony drug offender (*see* Penal Law § 70.06 [1]; § 70.70 [1] [b]), whose previous conviction for burglary in the second degree was a violent felony (*see* Penal Law § 70.02 [1] [b]; § 140.25), the Supreme Court was required to impose a determinate sentence of 6 to 15 years of imprisonment for each conviction (*see* Penal Law § 70.70 [4] [b] [i]). In imposing a determinate term of 10 years of imprisonment on each count, which fell in the middle of the sentencing range, the court carefully considered, inter alia, the defendant's criminal history, as well as the safety of the community.

The defendant's remaining contention is without merit. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.