■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARGROVE, MORRIS HOWARD and DANIEL HUNT, Appellants.—Three judgments of the Supreme Court, Westchester County, one rendered December 18, 1975 (as to defendant Howard) and two rendered January 15, 1976 (one as to defendant Hargrove and the other as to defendant Hunt), affirmed. No opinion. Gulotta, P. J., Latham and Cohalan, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: The defendants claim that they were deprived of a fair and public trial as the result of an incident occurring during the trial. Two spectators were ejected from the courtroom while a witness for the prosecution was testifying. The witness had complained that they were engaged in harassing him. After a confer-

ence in chambers, the Trial Judge directed that the two spectators should be removed from the courtroom. In the colloquy it was ascertained that one of the spectators was a practicing attorney, who had formerly represented the witness in certain business transactions, and the other spectator was a former business associate of the witness. The substance of the witness' complaint was that they were now hostile to him, and had taken front row seats in the courtroom and watched him closely. In the colloquy in chambers, it was not indicated that any overt signs of menacing the witness by the two men had taken place. As a general rule, all proceedings should take place in open court. "What transpires in the court room is public property" *(Craig v Harney,* 331 US 367, 374; cf. *Matter of Oliver v Postel,* 30 NY2d 171).The Trial Judge has, of course, the duty to preside over the trial and to control the proceedings consistent with the demands of decorum and due process *(People v Mendola,* 2 NY2d 270, 276). But, at the same time, the courts must be open to the public, "and every citizen may freely attend the same" (Judiciary Law, § 4). The right of the citizen is not absolute. A disruptive spectator *(Matter of Katz v Murtagh,* 28 NY2d 234, 240) or even the public as a whole, when the ends of justice require it, may be barred from the courtroom *(People v Hinton,* 31 NY2d 71, 74-76). In each case, however, the grounds justifying the exclusion should appear on the record (cf. *People v Outcalt,* 32 AD2d 971). Here, the record is meager to support the existence of circumstances requiring the removal of the two men in question. That their presence annoyed the witness, that they may have had unfortunate business dealings, or even litigation, with the witness would not be enough to bar them from observing the trial. No mention of harassing conduct (save their taking front row seats) appears in the record. Nonetheless, although I believe the two men should not have been prevented from attending the trial during the examination of the witness, I do not find that their absence deprived the defendants of a fair trial. There is no claim that they were assisting the defendants or their counsel at the trial, or that the incident was used against the defendants during the trial. Other members of the public were permitted to be present. In short, although the two spectators were wrongly excluded, the defendants were not prejudiced by the action. For these reasons, I concur in the affirmance of the judgments.