*498 OPINION OF THE COURT
Chief Judge Cooke.
The right to a public trial does not preclude a Presiding Judge from excluding all spectators, including a defendant’s family and friends, during a particular witness’s testimony when the circumstances warrant such action to foster the truth-discovery process.
Defendant was convicted of robbery in the first degree and sodomy in the first degree. The charges arose out of a 1977 incident in which defendant and another man accosted and robbed a young couple, and sodomized the woman, who was 19 years old at the time.
At the 1979 trial, after opening statements, the Assistant District Attorney requested that the courtroom be cleared while the complainant testified, given the sensitive and embarrassing nature of her evidence. Defense counsel objected, stating that the only persons present were defendant’s wife, sister, mother, and “other people who are concerned about him.” The Trial Judge conferred on the record in the robing room with counsel and the complainant. After hearing the victim state her concern about testifying and noting that the charge involved particularly “demeaning” acts, the Judge granted the prosecutor’s request. The rest of the trial was open to all, and defendant’s family was present during the remainder of the People’s case and throughout the presentation of the defense.
We disagree with defendant’s contention that the court closure during the victim’s testimony denied him his right to a public trial. A defendant is generally guaranteed a public trial (US Const, 6th Amdt; Civil Rights Law, § 12), but the court has discretion in certain trials, including those for rape or sodomy, to “exclude therefrom all persons who are not directly interested therein, excepting jurors, witnesses, and officers of the court” (Judiciary Law, § 4). Seizing on dicta in Matter of Oliver (333 US 257, 271-272), defendant asserts a constitutional right to have his relatives and friends present throughout all stages of the trial. That case, however, involved a situation where the entire trial was conducted without public access. In contrast, the trial here was closed only during the testimony of the *499 victim who had declared that she was tense and would be more comfortable testifying if all unnecessary persons were excluded. It has been recognized that closing the courtroom under such limited circumstances is not improper (see, e.g., People v Jones, 82 AD2d 674, mot for Iv to app den 55 NY2d 751; United States ex rel. Latimore v Sielaff, 561 F2d 691, cert den 434 US 1076).
The citizens of our Nation have long enjoyed the guarantee of a public trial. This right serves several purposes (see, generally, People v Jones, 47 NY2d 409). It encourages the process of discovering the truth, the essence of a trial, by subjecting to public scrutiny those who participate in the trial, whether as arbiter, advocate, or witness. The excesses and persecutions of secret proceedings, such as the infamous Court of Star Chamber, are avoided. And, by inviting the public to observe how the judicial system operates, it fosters confidence in the courts. These purposes were not defeated when family and friends were excluded during this one witness’s testimony, even if that witness was the complainant. Moreover, although defendant had no obligation to do so, it is worth noting that he advanced no specific reason why his family’s presence was compelled other than to refer to their concern. In sum, closing the courtroom to all spectators, including defendant’s family and friends, during a distraught sodomy victim’s testimony does not offend notions of fairness and justice.
The order of the Appellate Division should be affirmed.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed.