■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY COKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 18, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the trial court that the People were not obligated to provide the defendant with a copy of a witness's waiver of immunity prior to testifying before the Grand Jury. As that waiver only reflected on the witness's credibility (see, People v Perez, 65 NY2d 154, 159), and did not relate to the subject matter of his testimony, it does not constitute Rosario material (see, CPL 240.45 [1] [a]; People v Rosario, 9 NY2d 286, cert denied 368 US 866).

The question of whether the People's use of the Grand Jury testimony of their witness, Hardamon, for impeachment purposes on direct examination was proper was not preserved for appellate review. In any event, at trial, Hardamon testified that his back was turned at the time the victim was shot, which completely negated his Grand Jury testimony that he had viewed the murder; that evidence "affirmatively damage[d]" the People's case and entitled them to introduce the witness's prior testimony (see, CPL 60.35; People v Fitzpatrick, 40 NY2d 44, 51). Moreover, the court was careful to instruct the jury that Hardamon's Grand Jury testimony was not evidence of the defendant's guilt but might be used only for the purpose of discrediting the witness.

We have examined the defendant's remaining contentions

and find them to be unpreserved for appellate review or without merit. Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.