OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In this prosecution for assault, possession of a controlled substance and possession of a weapon, the prosecution’s key witness — defendant’s former girlfriend — on both direct and cross-examination denied ever having used cocaine and denied ever having permitted defendant to bring drugs into her apartment. After she left the stand, however, the prosecutor and defense counsel received medical records showing that she told hospital personnel that she had used cocaine. The court denied defendant’s motion for a mistrial but ruled that defendant could recall the witness to explore the inconsistency.
The prosecutor explained that when he confronted the witness with the apparent inconsistency, she denied that her answers were untruthful, claiming that defendant had forced cocaine on her in connection with sexual practices and she did not consider that to be "use” by her. The prosecutor further stated that the witness had become upset and embarrassed while discussing the subject with him, and had told him she feared that if she disclosed these facts, defendant’s relatives and friends attending the trial would use that testimony to humiliate her publicly. The prosecutor moved for closure of the courtroom during her additional cross-examination. Defense counsel objected, based in part on a challenge to the credibility of assertions of embarrassment by this witness, given her testimony and failure to make earlier disclosure privately to the prosecutor. The court took "judicial notice” of the embarrassing nature of the testimony to be given and excluded defendant’s family and friends as well as uninterested spectators from the courtroom, although other persons were permitted to enter and remain.
We agree with the Appellate Division that although the trial court is vested with discretion in choosing a method for determining if closure is necessary, here the inquiry was insufficient to justify the limited closure (see, People v Jones, 47 NY2d 409, 414). A witness’ embarrassment or anxiety might in appropriate circumstances warrant closure (see, e.g., People v Glover, 60 NY2d 783; People v Joseph, 59 NY2d 496). However, here the court excluded defendant’s family and *930 friends without establishing an adequate basis to determine that the witness was unable to testify about a particular matter in open court because of an incapacitating embarrassment and that the limited closure was necessary to preserve an overriding interest that likely would otherwise be prejudiced (see, People v Colon, 71 NY2d 410, 415).
In the circumstances presented, including asserted subjective feelings of embarrassment, the court should not have closed the courtroom to defendant’s relatives and friends without some inquiry of the witness herself (see, People v Joseph, supra [Trial Judge conferred with complainant and counsel in the robing room]). On these facts, the court’s sole reliance on information transmitted by the prosecutor did not constitute “an inquiry careful enough to assure the court that the defendant’s right to a public trial is not being sacrificed for less than compelling reasons.” (People v Jones, supra, at 414-415.)
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.