■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BUMPUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 4, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People improperly used the Grand Jury testimony of two prosecution witnesses for impeachment purposes on direct examination is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, the witnesses testified at trial that they had not seen the defendant in the vicinity of the crime scene and that they had not observed the robbery and shooting of the victim. This completely negated their Grand Jury testimony to the effect that they had witnessed the defendant and his codefendant commit the crimes. Accordingly, their trial testimony affirmatively damaged the People's case and entitled them to introduce the witnesses' prior Grand Jury testimony *(see,* CPL 60.35; *People v Fitzpatrick,* 40 NY2d 44, 51; *People v Coker,* 134 AD2d 507).

It was also not error for the trial court to briefly close the courtroom to spectators in order to conduct a hearing to determine whether one of the witnesses would assert her Fifth Amendment privilege against self-incrimination. There were sufficient facts in the record to support the trial court's finding that the witness, who lived in the same housing project as the defendant, was fearful of testifying because members of the defendant's family were in the courtroom *(see, People v Jones,* 82 AD2d 674, 680-681; *cf., People v Mateo,* 73 NY2d 928).

Furthermore, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict

of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.