■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE SHEPARD, Also Known as CORNELL BARBER, Appellant. [663 NYS2d 31] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 30, 1994, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 9 to 18 years, respectively, and judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered May 17, 1994, convicting defendant, upon a plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The trial court properly exercised its discretion in replacing an absent juror with the first alternate juror, on the ground that the absent juror was unavailable for continued jury service, after the court had ascertained that the absent juror's attendance at her father's out-of-State funeral would result in her absence from the State for a six-day period, during which it was then contemplated that the trial proceedings would be completed (*People v Silva*, 237 AD2d 216, *lv denied* 89 NY2d 1100).

After sufficient inquiry, the court properly exercised its discretion in excluding from the proceedings one spectator whose behavior, as reported to the court by a court officer who had personally observed that behavior, posed a threat to the orderly conduct of the trial (*United States ex rel. Orlando v Fay*, 350 F2d 967, 971, *cert denied sub nom. Orlando v Follette*, 384 US 1008). The ejection was based on the actual misconduct of the spectator in open court and the court's responsibility to maintain order (*see, Matter of Katz v Murtagh*, 28 NY2d 234, 240). In such circumstances, the test for courtroom closure set forth in *Waller v Georgia* (467 US 39) does not apply (*Cosentino v Kelly*, 102 F3d 71, 73, *cert denied* 520 US 1229; *cf., Guzman v Scully*, 80 F3d 772). Further, since defendant did not suggest an alternative to the exclusion ordered, he will not now be heard to argue that the court's order was overly broad (*see, People v Ayala*, 90 NY2d 490). Concur—Sullivan, J. P., Rosenberger, Ellerin and Nardelli, JJ.