■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SBARBARO, Appellant. [665 NYS2d 673] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered October 15, 1993, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Contrary to the defendant's contention, the initial stop made by the police was based on reasonable suspicion. The trial court, therefore, properly denied the defendant's motion to suppress the identification testimony and physical evidence which was derived from the stop (*see, People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106).

However, the defendant is correct in his contention that his right to a public trial was violated by the exclusion of his brother from the courtroom during the jury charge. Once the defendant objected to the prosecutor's application to exclude his brother, it was incumbent upon the prosecutor to demonstrate that an overriding interest was likely to be prejudiced by his presence (*see, People v Martinez,* 82 NY2d 436; *People v Kin Kan,* 78 NY2d 54; *People v Clemons,* 78 NY2d 48; *People v Mateo,* 73 NY2d 928; *People v Warren O.,* 86 AD2d 895). The speculative conclusion that the brother's presence would have misled or confused the jury in some manner was insufficient to warrant his exclusion. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.