■ The People of the State of New York, Respondent, v Michael E. Wood, Appellant. [686 NYS2d 879] —Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered February 3, 1994, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree and grand larceny in the fourth degree.

Following a jury trial, defendant was convicted of two counts of murder in the second degree, robbery in the first degree and grand larceny in the fourth degree for his participation in the robbery and stabbing death of an elderly man (hereinafter decedent) in the City of Elmira, Chemung County. Finding decedent to be an easy target, defendant and a companion went to his apartment intending to steal money. During the course of the robbery, decedent was stabbed 28 times. After removing decedent's wallet and keys from his pockets and taking a tool box in which decedent kept food stamps and additional cash, the two fled in decedent's car. They were apprehended out of State two days later. Defendant was sentenced to prison terms of 25 years to life on each murder conviction, 12½ to 25 years on the robbery conviction and 2 to 4 years on the grand larceny conviction. His murder and robbery sentences were to run concurrently with each other, but consecutively to the grand larceny sentence. Defendant appeals.

We are unpersuaded by defendant's contention that he was denied his right to a public trial when County Court required his wife to leave the courtroom during the testimony of one witness. The record reveals that the woman who was testifying had recently filed harassment charges against defendant's wife and was upset by her presence in the courtroom. Defendant did not request a hearing on the issue of whether his wife was properly excluded from the courtroom and the only specific objection raised—that the witness be precluded from testifying about the alleged harassment—was complied with by the People (see, People v Pollock, 50 NY2d 547, 550; People v Dominy, 116 AD2d 851, lv denied 67 NY2d 942; People v Salcedo, 98 AD2d 961, cert denied 467 US 1229; cf., People v Sbarbaro, 244 AD2d 581, lv denied 92 NY2d 860). The exclusion of defendant's wife from the courtroom for this limited period under these circumstances "does not offend notions of fairness and justice" (People v Joseph, 59 NY2d 496, 499) nor warrant a reversal of defendant's convictions (see, People v Hargrove, 60 AD2d 636, cert denied 439 US 846 [ejection from courtroom of two spectators because prosecution witness complained they were harassing him did not warrant reversal of criminal convictions]; see also, United States ex rel. Orlando v Fay, 350 F2d 967, cert denied 384 US 1008; People v Smallwood, 31 NY2d 750; People v Bumpus, 163 AD2d 484, lvs denied 76 NY2d 891, 80 NY2d 829). Further, since defendant did not suggest an alternative to the exclusion ordered (he claims on appeal that the court could have seated his wife out of the witness's line of sight), he cannot now argue that the order was overly broad (see, People v Shepard, 243 AD2d 290, lvs denied 91 NY2d 868, 880).

Defendant's remaining contentions have been reviewed and are without merit. The sidebar discussion concerning whether to remove defendant's wife did not constitute a material stage of the trial during which defendant's presence was required (*see, People v Hok Ming Chan*, 230 AD2d 165, 170-171, *affd* 91 NY2d 913; *People v Delancey*, 173 AD2d 838, 839, *lv denied* 78 NY2d 1075; *People v Davis*, 166 AD2d 280, *lvs denied* 77 NY2d 837, 78 NY2d 1127). Nor was the sidebar discussion at which counsel argued a hearsay objection—i.e., a "purely legal" matter—a material stage of the trial requiring defendant's presence (*see, People v Rodriguez*, 85 NY2d 586, 588). Finally, in light of defendant's extensive criminal history and the heinous nature of the crimes committed, we do not view the sentences imposed to be either harsh or excessive.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.