■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HALES, Appellant. [721 NYS2d 257] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered October 15, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant correctly contends that his right to a public trial was violated by the exclusion of his mother from the courtroom during the jury charge. The defendant's counsel sufficiently objected to the trial court's *sua sponte* decision to exclude the defendant's mother, who had testified earlier in the case (*see,* CPL 470.05 [2]). The trial court's justification for the exclusion, that the presence of a witness during the charge might influence or distract the jury, was not sufficient to demonstrate that an overriding interest was likely to be prejudiced by her presence (*see, People v Martinez,* 82 NY2d 436; *People v Kin Kan,* 78 NY2d 54; *People v Sbarbaro,* 244 AD2d 581).

The defendant's remaining contentions are without merit. Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY S. HANSEN, Appellant. [721 NYS2d 258] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered January 11, 2000, convicting him of rape in the first degree (two counts), sodomy in the first degree, and sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.