■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN SCULLARK, Appellant. [805 NYS2d 7]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 6, 2003, convicting defendant, after a jury trial, of sexual abuse in the second degree and endangering the welfare of a child, and sentencing him to concurrent terms of six months to be served intermittently on weekends and three years' probation, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The victim provided a highly reliable account of the incident.

Defendant's challenge to a portion of the People's expert's testimony is without merit. The challenged testimony was elicited by defendant on cross-examination and, in any event, was properly received since it explained one of the bases upon which the expert formulated her opinion regarding the likelihood of physical findings in sexual abuse cases (*see People v Bennett*, 79 NY2d 464, 473 [1992]).

By failing to include, in the record on appeal, minutes of proceedings concerning the People's application for a limited closure of the courtroom, defendant has failed to provide an adequate record for review of his challenge to the court's ruling excluding members of his family during the victim's testimony (*see People v Olivo*, 52 NY2d 309, 320 [1981]). The limited record provided by defendant reveals that the behavior of members of defendant's family caused the victim to break down during defendant's first trial, resulting in a mistrial. Based upon the testimony of the victim's treating psychologist, that she would likely suffer another breakdown if forced to testify before members of defendant's family, the court properly found that there was an overriding interest justifying the exclusion at issue (*see People v Ming Li*, 91 NY2d 913, 917 [1998]; *see also People v Joseph*, 59 NY2d 496 [1983]).

The challenged portions of the prosecutor's summation remarks were responsive to the defense summation and constituted fair comment based upon the evidence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.