People v Afflick (2025 NY Slip Op 00172)

People v Afflick

2025 NY Slip Op 00172

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Ind. No. 3456/05 Appeal No. 3465 Case No. 2017-2701 

[*1]The People of the State of New York, Respondent,
v
Dewayne Afflick, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered July 10, 2006, as amended July 20, 2006, convicting defendant, after a jury trial, of kidnapping in the second degree, attempted rape in the first degree, sexual abuse in the first degree, and assault in the second degree, and sentencing him to an aggregate prison term of 12 years, unanimously affirmed.
The verdicts were based on legally sufficient evidence and were not against the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, _ NY3d _, 2024 NY Slip Op 05244 [2024]).
Defendant failed to preserve his claims that the kidnapping charge should have been merged with the assault and rape charges (see People v Hawkins, 11 NY3d 484, 492 [2008]) and that the People failed to prove that defendant abducted the victim within the meaning of Penal Law § 135.00, and we decline to review them in the interest of justice. As alternative holdings, we reject defendant's arguments on the merits. The evidence demonstrated that, on a holiday when the commercial building where defendant worked as a security guard was largely empty, he "secret[ed]" the victim onto a deserted floor in a large building where she was "not likely to be found" and was unable to call for help (Penal Law § 135.00[2][a]; see People v Gaston, 180 AD3d 429, 431 [1st Dept 2020], lv denied 35 NY3d 1094 [2020]). Additionally, the merger doctrine does not apply to the kidnapping charge because the asportation of the victim was not minimal and the "manner of detention" was "egregious" (People v Gonzalez, 80 NY2d 146, 153 [1992]).
Defendant failed to preserve his claim that the first-degree attempted rape charge was not supported by legally sufficient evidence (see Hawkins, 11 NY3d at 492), and we decline to review it in the interest of justice. As an alternative holding, we reject the argument on the merits. The evidence showed that defendant took the victim to an abandoned area, punched her, reached under her shirt, twisted her neck, held her down, and undid his pants. These actions sufficiently supported the conviction of attempted first-degree rape (see People v Cruz, 170 AD3d 467, 468 [1st Dept 2019], lv denied 33 NY3d 975 [2019]). Additionally, defendant did not renounce his crime within the meaning of Penal Law § 40.10(5) because he stopped attacking the victim only after she promised not to report him (see People v Dolan, 51 AD3d 1337, 1340 [3d Dept 2008], lv denied 12 NY3d 757 [2009]).
To the extent defendant contends that the evidence of sexual motivation was legally insufficient to support his first-degree sexual abuse conviction, his argument is unpreserved (see Hawkins, 11 NY3d at 492), and we decline to review it in the interest of justice. As an alternative holding, in consideration of "the manner and circumstances of the touching that occurred," we reject the arguments on the merits (People v Sene, 66 AD3d 427, 427-428 [1st Dept 2009], lv [*2]denied 13 NY3d 941 [2010]). Defendant's act of reaching under the victim's shirt to touch her stomach while holding her down was sufficient to support his conviction because, "[u]nder general societal norms," her stomach was "sufficiently personal or private that it would not be touched in the absence of a close relationship between the parties" (id. at 427-428).
Because defendant's conviction for attempted first-degree rape was supported by legally sufficient evidence, his second-degree assault conviction for assault in furtherance of a felony was also supported by legally sufficient evidence under the circumstances of this case.
The court's brief exclusion of one spectator from the courtroom after the close of evidence was properly based on the "misconduct of the spectator in open court and the court's responsibility to maintain order" (People v Shepard, 243 AD2d 290, 290 [1st Dept 1997], lv denied 91 NY2d 868 [1997]).
Defendant failed to demonstrate how he was denied his right to a summation by the court's decision to change the required felony for second-degree assault from kidnapping to rape after defense counsel completed the defense summation. Counsel's summation focused on arguing that defendant had not kidnapped or sexually assaulted the victim and did not mention the second-degree assault count. We note that defendant's counsel declined the opportunity to reopen summation following the court's decision to change the charge. Thus, the court's decision was harmless and did not prejudice defendant (People v Mairena, 34 NY3d 473, 485-487 [2019]), because counsel's summation arguments "could not have been altered in any substantial way" by the court's change of mind (People v Jackson, 166 AD2d 356, 356 [1st Dept 1990], lv denied 77 NY2d 839 [1991]). In any event, any error was harmless in light of the overwhelming evidence of guilt.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025