■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN GLADSTONE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered January 31, 1986, convicting her of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The references during the trial to the defendant as "Kissing Karen" did not warrant a mistrial. Trial courts are to be accorded great discretion in determining whether a mistrial is necessary in a particular case *(see, People v Michael,* 48 NY2d 1; *Arizona v Washington,* 434 US 497, 513-514). The record clearly indicates that the objectionable nickname came up unexpectedly in two instances and was not the result of any improper conduct by the prosecution *(see, People v Celeste,* 95 AD2d 961). When the nickname was initially revealed, the court gave prompt curative instructions sufficient to correct the error and to minimize the potential prejudice which otherwise might have occurred *(see, People v Vredenburg,* 110 AD2d 730). When a second witness used the nickname, the defense failed to make an objection. The necessity for granting a mistrial turns upon whether the prejudicial remark is of such a magnitude that the defendant's fundamental right to a fair trial has been violated. In the case at bar, the danger that the jury would convict the defendant on the basis of two passing references to her nickname was sufficiently dissipated by the overwhelming evidence of the defendant's guilt *(see, People v Stevenson,* 59 AD2d 972, 973).

In addition, the decision not to dismiss the entire jury panel was proper because the defendant did not show the existence of "actual bias" and an assertion of implied bias is not sufficient to disqualify jurors *(Chandler v Florida,* 449 US 560; *Dennis v United States,* 339 US 162, *reh denied* 339 US 950; *People v Buford,* 69 NY2d 290). The defendant also had ample opportunity to inquire into the impartiality of the jurors during voir dire.

Finally, the court properly denied the defendant's motion to preclude proof of factual allegations not disclosed to her in the prosecution's bill of particulars. The prosecution must, upon specific demand by the defense, disclose any information it has that "might affect" the decision as to guilt or innocence or penalty, and it is a denial of due process to fail to do so *(see, Brady v Maryland,* 373 US 83). However, a reversal is required only if there is a reasonable probability that the nondisclosed evidence would have affected the outcome of the trial *(United States v Bagley,* 473 US 667). In the instant case, the record reveals that there is no basis for reversal of the judgment. A *Brady* violation did not occur because the defendant was fully apprised of the nature of the charges against her prior to trial. Had she known of the proffered testimony concerning a specific act of abuse, it is highly improbable that

the course of the trial could have been charted any differently *(see, People v Villani,* 59 NY2d 781, 783). Under the circumstances, a reversal of the judgment is not required. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.