OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division in each case should be affirmed.
 

 Following a jury trial, defendants were convicted of first degree kidnaping for their roles in the abduction and beating of Fang Kin Wah, a Chinese national who was smuggled into this country by a Mr. Zhang upon Fang’s promise to pay him $25,500. When Fang was unable to pay, a group of men, including defendants, forcibly took Fang from the restaurant where he was working and held him in a Bronx apartment; he was repeatedly beaten by defendants over a 12-hour period. The details of the crime, defendants’ arrest, and subsequent proceedings are fully set forth in the decision of the Appellate Division (230 AD2d 165). The main issues on this appeal are whether (1) the court below improperly closed the courtroom to a group of men during a portion of the complainant’s testimony at defendants’ suppression hearing; and (2) whether the joint representation of Li and co-defendant Mei Zheng denied Li the effective assistance of counsel. We conclude that
 
 *917
 
 neither these, nor any of the other issues raised by defendants, warrant reversal.
 

 During the lunch recess of the third day of the suppression hearing, in the middle of Fang’s testimony, the witness became extraordinarily distraught at the sight of a small group of men waiting outside the courtroom. The court conducted an informal hearing on the record in the jury room, during which Fang, in obvious emotional distress, expressed grave fear that the men were members of the same Chinese gang that had kidnaped and beaten him. Indeed, when Fang was asked by the Trial Judge to leave the jury room, he refused and continued to express fear for himself and his family. Ultimately, he had to be forcibly removed by several court officers. The trial court concluded, based on Fang’s demeanor and his testimony, that Fang would not be able to continue if forced to testify in front of the men. The court also concluded that Fang was sincerely concerned for his life and the lives of his family, specifically noting that he appeared to be crying and was "extremely upset.” Finally, the court decided that it would be futile to ask the men in the group whether any of them had threatened Fang or intended to harm him.
 

 Under these extraordinary circumstances we cannot say that the trial court abused its discretion in excluding certain individuals during the remainder of the complainant’s testimony that day. It found that Fang’s emotional reaction was genuine and implicitly concluded that he would be unable to complete his testimony with the men in the courtroom. This could have severely undermined the truth seeking function of the court, an overriding interest justifying the court’s determination. The exclusions were carefully and specifically tailored in that they related only to the men who had caused Fang’s emotional distress. The court’s order was also extremely limited in duration, lasting only during the remaining portion of Fang’s testimony that afternoon. For the reasons stated by the majority at the Appellate Division, we also reject defendants’ contention that their absence from this informal hearing mandates reversal.
 

 Defendant Li contends he was denied the effective assistance of counsel because his attorney had a conflict of interest in representing both Li and codefendant Zheng. The existence of a potential conflict between defense counsel and multiple defendants does not in and of itself require reversal of a conviction (P
 
 eople v Allen,
 
 88 NY2d 831, 832). Even where there is a significant possibility of a conflict of interest, the question
 
 *918
 
 whether the potential conflict "operated” to the defendant’s detriment and bore a "substantial relationship to the conduct of [his] defense”
 
 (People v Recupero,
 
 73 NY2d 877, 879) presents a mixed question of law and fact. The Appellate Division’s determination that any such conflict did not operate to the defendant’s detriment is supported by the record and is not subject to our further review (CPL 470.35;
 
 see also, People v Alicea,
 
 61 NY2d 23, 31).
 

 We have examined defendants’ remaining contentions and find them to be without merit.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 In each case: Order affirmed in a memorandum.