■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN WILLIAMS, Appellant. [713 NYS2d 327] —Judgment, Supreme Court, New York County (Felice Shea, J., on CPL 190.50 motion; Edwin Torres, J., at jury trial and sentence), rendered November 18, 1997, convicting defendant of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to two concurrent terms of 15 years concurrent with a term of 7 years, unanimously affirmed.

After a thorough hearing, at which there was ample evidence that several of the People's witnesses were in grave and legitimate fear of an identified group of relatives and friends of defendant who had appeared together at the trial, the court properly excluded that group during the testimony of those witnesses (see, People v Ming Li, 91 NY2d 913). The People established an overriding interest justifying the exclusion ordered by the court. While defendant currently claims that the hearing evidence only justified exclusion of particular relatives and that the closure was overbroad, his objection to closure failed to apprise the trial court of those claims. Accordingly, those claims are unpreserved (see, People v Nieves, 90 NY2d 426, 430), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court tailored its ruling as narrowly as possible.

Considering the totality of circumstances, trial counsel's failure to effectuate defendant's right to testify before the Grand Jury did not constitute ineffective assistance of counsel (People v Wiggins, 89 NY2d 872). We have considered and rejected defendant's remaining claims in this regard. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.