■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GREEN, Appellant. [715 NYS2d 60] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered March 11, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The trial court properly closed the courtroom during the undercover officer's testimony based on his *Hinton* hearing testimony that he continued to participate in undercover operations in the area of defendant's arrest and in the area surrounding the courthouse, that he was engaged in the investigation of high-level drug dealers, that he took steps to protect his identity when at the courthouse, and that he feared for his safety if the courtroom remained open (*see, People v Martinez*, 82 NY2d 436). Under the circumstances of this case, we find that the court's ex parte inquiry of the undercover officer, during which he essentially reiterated some of the above-mentioned information, does not warrant reversal. This was not a stage of the trial at which defendant had the right to be personally present (*People v Ramirez*, 192 AD2d 382, *lv denied* 81 NY2d 1078; *People v Davis*, 166 AD2d 280, *lv denied* 77 NY2d 837; *see also, People v Ming Li*, 91 NY2d 913). As for the exclusion of defense counsel, it is unnecessary to decide under what circumstances courtroom closure could be based in part upon an ex parte submission (*compare, People v Castillo*, 80 NY2d 578, *cert denied* 507 US 1033, *with People v Darby*, 75 NY2d 449, 453-454), because in this case the ex parte inquiry was cumulative to what had already been elicited with the participation of defendant and counsel, and thus did not cause any prejudice.

Defendant's request for preclusion of the undercover officer's testimony on the ground of failure to produce *Rosario* material was properly denied. The record establishes that the undercover officer's daily activity report was lost and could not be located despite reasonably diligent efforts, and does not support

defendant's claim that the Police Department had it in its possession but failed to produce it. Furthermore, the court's adverse inference charge conveyed the proper standards and prevented any prejudice to defendant from the loss of the report (*see, People v Martinez,* 71 NY2d 937).

Defendant has not provided an adequate record upon which to review his claim that defense counsel was ineffective due to his failure to make a speedy trial motion (*see, People v Olivo,* 52 NY2d 309, 320). Due to the absence of minutes establishing the reasons for various adjournments, it cannot be determined whether such a motion would have had any merit. Concur—Nardelli, J. P., Tom, Lerner, Buckley and Friedman, JJ.