■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FROST, Appellant. [734 NYS2d 18] —Judgment, Supreme

Court, New York County (Renee White, J.), rendered May 1, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

The court properly permitted an in-court identification of defendant by a witness whose lineup identification had been suppressed on right to counsel grounds. Under the totality of the circumstances (*see, Neil v Biggers*, 409 US 188), including the nearly two-hour period that the witness played basketball with defendant prior to the incident, the People met their burden of demonstrating by clear and convincing evidence (*see, People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833) that an independent source existed for the in-court identification (*see, People v Williams*, 222 AD2d 149, *lv denied* 88 NY2d 1072).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility (*see, People v Gaimari*, 176 NY 84, 94).

The court properly exercised its discretion in closing the courtroom during the testimony of certain witnesses who expressed valid fears for their safety, since the People established an overriding interest warranting closure (*see, Waller v Georgia*, 467 US 39; *People v Chan*, 230 AD2d 165, *affd* 91 NY2d 913). The fact that the closure hearing was conducted ex parte, for legitimate and exceptional security reasons, does not require reversal. Defendant was not entitled to be personally present at the hearing (*People v Chan, supra*, 230 AD2d, at 170-172; *People v Green*, 277 AD2d 11, *lv denied* 96 NY2d 784), and the ex parte nature of the proceeding did not deprive defendant of any constitutional right because the proceeding did not involve his guilt or innocence and there was no impairment of his ability to defend himself (*see, People v Castillo*, 80 NY2d 578, 582-583, *cert denied* 507 US 1033; *Chappelle v Moran*, 699 F2d 560). Moreover, the information revealed to the court at the closure hearing was similar to information already relayed to it at a proceeding, lawfully conducted ex parte (CPL 240.90 [3]), on the People's application for a discovery protective order (*see, People v Green*, 277 AD2d 11, *supra*).

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Marlow, JJ.