■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR JOHNSON, Appellant. [743 NYS2d 714] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered September 27, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Even if we were to find that defendant was entitled to an adverse inference charge regarding a prisoner property envelope cover sheet that may have contained his description (*cf., People v Vasquez*, 88 NY2d 561, 577), we would find that the charge actually given by the trial court satisfies, under the unique circumstances of this case, the requirement that the proper standards be adequately conveyed (*see, People v Green*, 277 AD2d 11, 12, *lv denied* 96 NY2d 784). We also find reason to question whether the missing document was a "written or recorded statement * * * made by a person whom the prosecutor * * * call[ed] as a witness at trial" (CPL 240.45 [1] [a]), when, despite the lack of assertion by the People that the document was not *Rosario* material, the authorship of the document was extensively explored by defendant during cross-examination of the police witness. Because we find that an adequate charge was given, we do not reach this issue.

Defendant's single-word, unelaborated objections failed to preserve his present claim that the court improperly received hearsay testimony and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence was properly admitted, not for its truth, but to complete the narrative and explain the undercover officer's actions (*see, People v DeJesus*, 272 AD2d 61, *lv denied* 95 NY2d 962). Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.