*132
 
 OPINION OF THE COURT
 

 ClPARIGK, J.
 

 Defendant in this criminal action claims that various ex parte proceedings deprived him of his constitutional rights to the assistance of counsel and to confront and cross-examine witnesses. He also asserts that closure of the courtroom during the testimony of certain witnesses deprived him of the right to a public trial. A court’s discretion to conduct ex parte proceedings and close a courtroom should be exercised only in the most exceptional and unusual circumstances. After a careful review of the sealed record in this case, we are satisfied that exceptional circumstances are present here and conclude that defendant’s constitutional rights were not violated.
 

 I.
 

 The incident resulting in defendant’s arrest arose from an argument he had with one Jay Jones. The two were playing basketball in a park in Manhattan and apparently were involved in a dispute over a foul. There was evidence that defendant’s friend gestured to a person on the sidelines who left the park and returned a short time later with a gun. Defendant was then seen pointing the gun at Jones. Moments later Jones was shot several times, and he died of his injuries approximately 2V2 weeks later. Defendant was indicted on one count of murder in the second degree and one count each of criminal possession of a weapon in the second and third degrees.
 

 Before trial, the People moved for a protective order pursuant to Criminal Procedure Law § 240.50. In support of their motion seeking to protect the identities of witnesses prior to trial, the People noted defendant’s criminal history, his father’s
 
 *133
 
 drug sale conviction and pending federal narcotics sale indictment, his stepbrother’s convictions for attempted second degree robbery and attempted murder, the defendant’s family’s attempt to discourage potential witnesses to the instant crime, and the lack of cooperation by the community into prior investigations of crimes believed to have been committed by defendant. The People requested that the hearing be held in camera outside the presence of defendant or his attorney.
 
 [1]
 
 After the hearing Supreme Court granted the People’s motion and directed that the identities of certain witnesses not be revealed during voir dire, and that disclosure of relevant
 
 Rosario
 
 material be delayed and redacted to protect witnesses’ identities.
 

 At trial, the People moved on four separate occasions for closure of the courtroom during the testimony of certain witnesses. Supreme Court conducted an ex parte hearing on each occasion to determine whether the courtroom should be closed
 
 (see People v Hinton,
 
 31 NY2d 71 [1972],
 
 cert denied
 
 410 US 911 [1973]). Defense counsel never proposed any less restrictive alternative. At the first such hearing, Supreme Court ordered the closure of the courtroom during the witness’s testimony and, to protect the witness’s identity, allowed him to testify under the fictitious name Steven Knight. The court also issued a protective order as to his address and occupation. At subsequent ex parte hearings, Supreme Court determined that the courtroom would be closed for the testimony of two additional witnesses. The People withdrew their application to close the courtroom for the testimony of a fourth witness after his ex parte testimony. In total, 17 witnesses testified — 14 of them in open court.
 

 After a jury trial, defendant was acquitted of second degree murder, convicted of criminal possession of a weapon in the second and third degrees, and sentenced as a second felony offender. The Appellate Division affirmed, finding that the hearings had been held ex parte “for legitimate and exceptional security reasons,” and did not violate defendant’s constitutional rights because his guilt or innocence was not at issue at these hearings, rather the safety of the witnesses, and his ability to defend himself was not compromised (289 AD2d 23, 24 [2001]). The Appellate Division also stated that it was proper for
 
 *134
 
 Supreme Court to close the courtroom where “the People established an overriding interest warranting closure” (289 AD2d at 24). A Judge of this Court granted defendant leave to appeal and we now affirm.
 

 II.
 

 We begin with defendant’s claim that the exclusion of counsel from the ex parte hearings constituted a violation of his right to assistance of counsel. In
 
 People v Castillo
 
 (80 NY2d 578, 586 [1992],
 
 cert denied
 
 507 US 1033 [1993]), finding exceptional circumstances present, we upheld a defense counsel’s exclusion from suppression proceedings challenging the validity of a search warrant, on the ground that disclosure of a witness’s identity would compromise the safety of the informant and future investigations. Here too, there is ample evidence to support the conclusion that the witnesses were in fear for their safety and that exceptional circumstances prevailed. The record suggests that defense counsel had previously represented defendant and other members of his family on unrelated criminal matters. While it is surely the better practice to allow defense counsel to participate in these types of proceedings, under these circumstances “[t]o include defense counsel, who might single-mindedly conclude that a professional obligation bound him to inform the client of the content of the proceedings * * * would defeat the whole point of the legitimate [ex parte] request * * *”
 
 (People v Vargas,
 
 88 NY2d 363, 379 [1996]).
 

 Certainly ex parte hearings are not to be granted lightly and are unwarranted and impermissible in the vast majority of cases. On this record, however, Supreme Court properly exercised its discretion and did not violate defendant’s right to assistance of counsel.
 

 III.
 

 Next, defendant alleges he was deprived of the right to confront and cross-examine witnesses against him as he as well as his attorney were excluded from the hearings. The first ex parte hearing held prior to trial pursuant to Criminal Procedure Law § 240.50 (1), sought a protective order. By statute, a trial court is authorized, in the interests of justice, to “permit a party to [such] motion * * * or other affected person, to submit papers or to testify ex parte or in camera” (CPL 240.90 [3]). Upon our review of the transcripts of the pretrial ex parte proceeding, we conclude that Supreme Court acted within its
 
 *135
 
 discretion when it closed the courtroom for the hearing and ordered that the identities of the civilian witnesses be protected by granting the protective order and reserving for itself the authority to take further measures necessary to protect the identities of the civilian witnesses at trial.
 

 Voir dire proceeded without naming the witnesses and the trial ensued. At trial the People made four additional ex parte applications seeking courtroom closure during the testimony of particular witnesses. Defendant claims that his confrontation rights were violated by these ex parte hearings. However, counsel never proposed any less restrictive alternative that would have allowed participation by the defense as, for example, by requesting a redacted transcript, or submitting questions to be put to the witness. A defendant’s right to be present at trial under the Confrontation Clause attaches when “witnesses or evidence against him are being presented to the trier of fact”
 
 (People v Sprowal,
 
 84 NY2d 113, 117 [1994], citing
 
 Kentucky v Stincer,
 
 482 US 730, 739 [1987];
 
 see also People v Hameed,
 
 88 NY2d 232, 239 [1996],
 
 cert denied
 
 519 US 1065 [1997]). The evidence at the ex parte hearings did not bear on defendant’s guilt or innocence but rather on the safety of the witnesses and was unrelated to factual issues presented at trial. Furthermore, defendant had a full opportunity to cross-examine each witness at trial and was provided with relevant
 
 Rosario
 
 material and criminal histories. As such, defendant’s rights under the Confrontation Clause were not violated by his exclusion from the ex parte closure hearings.
 

 Under New York law, a defendant also has the more comprehensive statutory right to be “present during the trial of an indictment” (CPL 260.20). This Court has found that a defendant’s “presence is generally required even at * * * ancillary proceedings so long as the defendant can potentially contribute to the proceeding” (Sprowal, 84 NY2d at 118). Here, defendant’s ability to contribute to the hearings on the issue of whether the courtroom should be closed due to the fears of particular witnesses is questionable. Supreme Court properly balanced defendant’s right to be present with the expressed valid fears for witnesses’ safety and properly exercised its discretion in granting the People’s requests.
 

 Defendant also argues that he could not effectively cross-examine Steven Knight because Knight’s identity was kept confidential and the defense did not have the opportunity to investigate the witness and his reputation for truth and veracity. Relying on
 
 People v Goggins
 
 (34 NY2d 163, 168 [1974],
 
 *136
 

 cert denied
 
 419 US 1012 [1974]), defendant argues that an ex parte hearing regarding the identity of a witness is permissible only at pretrial hearings when a defendant’s guilt or innocence is not at issue. However, the concerns present in
 
 Goggins,
 
 which addressed a defendant’s right to learn the identity of a police informant who would not be produced at trial, are not applicable. Here, Knight testified at trial and defense counsel had an opportunity to cross-examine him.
 
 [2]
 
 In addition, defendant does not maintain that the People failed to advise him of bad acts with which he could impeach Knight. Indeed, at trial the prosecutor represented that Knight had no criminal record, and that all
 
 Rosario
 
 and
 
 Brady
 
 material had been turned over to defense counsel.
 

 Knight’s use of a pseudonym and the preclusion of evidence regarding his address and occupation is not a per se violation of defendant’s Confrontation Clause rights under the facts presented in this case. We have held that under certain circumstances, a witness may be excused from giving pedigree information if, among other things, answering would endanger the witness
 
 (see People v Stanard,
 
 42 NY2d 74, 84 [1977],
 
 cert denied
 
 434 US 986 [1977]). In discussing the materiality of an undisclosed witness at a pretrial proceeding, we stated in
 
 People v Andre W.
 
 (44 NY2d 179, 185-186 [1978]) that “a Judge should be conscious that courts are not impotent to protect witnesses. For instance, fictitious names may be employed during [a] hearing * * Some Federal Circuits have also recognized that the defendant’s right to disclosure of certain information, such as an informant’s name or address, must be weighed against the personal safety of the witness
 
 (see e.g. United States v Rangel,
 
 534 F2d 147, 148 [9th Cir 1976],
 
 cert denied
 
 429 US 854 [1976];
 
 United States v Ellis,
 
 468 F2d 638, 639 [9th Cir 1972];
 
 United States ex rel. Abbott v Twomey,
 
 460 F2d 400, 401-402 [7th Cir 1972];
 
 United States v Persico,
 
 425 F2d 1375, 1383-1384 [2d Cir 1970],
 
 cert denied
 
 400 US 869 [1970];
 
 United States v Palermo,
 
 410 F2d 468, 472 [7th Cir 1969];
 
 see also Beasley v State,
 
 271 Md 521, 318 A2d 501 [1974]).
 

 Certainly here, where the scope of Supreme Court’s protective order encompasses “any further measure necessary to protect the identities of civilian witnesses prior to and during actual testimony,” we are required to most carefully examine
 
 *137
 
 the sealed record to determine if such an extraordinary measure as allowing a witness to testify at trial using a fictitious name was warranted. We conclude that Supreme Court properly exercised its discretion in determining that the witness’s concerns for safety outweighed defendant’s interest in obtaining information concerning Knight’s true identity for purely collateral impeachment purposes.
 

 IV.
 

 Finally, the Sixth Amendment right to a public trial, while fundamental, is not absolute
 
 (see People v Ramos,
 
 90 NY2d 490, 497 [1997],
 
 cert denied sub nom. Ayala v New York,
 
 522 US 1002 [1997];
 
 People v Martinez,
 
 82 NY2d 436, 441 [1993];
 
 People v Kin Kan, 78
 
 NY2d 54, 57 [1991]). Closure of the courtroom “is an exceptional authority that must be ‘sparingly exercised’ only when necessitated by ‘unusual circumstances’ ”
 
 (Kin Kan, 78
 
 NY2d at 57, quoting
 
 People v Hinton,
 
 31 NY2d at 76). To determine whether closure is appropriate, a four-part test must be satisfied:
 

 “the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure”
 
 (Waller v Georgia,
 
 467 US 39, 48 [1984]).
 

 The evidence elicited at the hearings pertaining to the potential witnesses’ extreme fear of testifying in open court was sufficient to establish an overriding interest, satisfying the first prong of the
 
 Waller
 
 test
 
 (see People v Ming Li,
 
 91 NY2d 913, 917 [1998]). The People made a factual showing that defendant’s right to a public trial was not being sacrificed for less than “a substantial probability of prejudice to a compelling interest”
 
 (People v Jones,
 
 96 NY2d 213, 217 [2001]). The scope of the closure was limited to the testimony of three civilian witnesses who expressed legitimate fears of testifying in an open courtroom. The remainder of the trial — including the testimony of 14 other witnesses — was open to the public.
 

 That Supreme Court did not explicitly consider alternatives to closure — the third
 
 Waller
 
 prong — is not error where the record was sufficient to support closure of the courtroom and where defense counsel did not advocate for any less restrictive
 
 *138
 
 options (see
 
 People v Ramos,
 
 90 NY2d 490, 504-505 [1997];
 
 People v Martinez, 82
 
 NY2d 436, 444 [1993];
 
 see also Ayala v Speckard,
 
 131 F3d 62, 71 [2d Cir 1997],
 
 cert denied
 
 524 US 958 [1998]). We perceive no abuse of discretion by Supreme Court in ordering the closure of the courtroom during the testimony of these three witnesses who had established their specific and realistic fears.
 

 In sum, defendant’s claim of violation of bis federal and state constitutional rights to the assistance of counsel, to confront and cross-examine witnesses and to a public trial is without merit in light of the safety concerns and exceptional circumstances present here. Defendant’s remaining contentions are likewise without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Wesley, Rosenblatt, Graffeo and Read concur.
 

 Order affirmed.
 

 [1]
 

 . The minutes of this hearing, and the four other ex parte hearings, have been sealed pursuant to an order of Supreme Court which was continued by an order of this Court.
 

 [2]
 

 .
 
 See by contrast Cotto v Herbert,
 
 331 F3d 217 (2d Cir 2003).