THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY STOVER, Appellant. [831 NYS2d 183]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered July 16, 2002, convicting him of manslaughter in the first degree and gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the defendant was not deprived of his right to a public trial by the trial court's sua sponte determination to exclude certain of his family members and friends from the courtroom for part of one witness's cross-examination. This very limited exclusion was justified in consideration of the overriding interests of that witness's security and his clear reluctance to testify in the presence of the defendant's family members and friends (*see People v Frost,* 100 NY2d 129, 137 [2003]; *People v Ming Li,* 91 NY2d 913, 917 [1998]).

There is no merit to the defendant's contention that two of the comments made by the prosecutor during his summation were so inflammatory as to deprive the defendant of a fair trial. The trial court properly sustained the defendant's objection as to the prosecutor's characterization of the defendant's intent and gave prompt and appropriate curative instructions (*see*

*People v Tosca,* 98 NY2d 660, 661 [2002]; *People v Gonzalez,* 3 AD3d 579, 579-580 [2004]). The prosecutor's characterization of the medical examiner's testimony was fair comment on the evidence adduced at trial (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Martinez,* 17 AD3d 484, 485 [2005]).

The admission in evidence of certain autopsy photographs was neither inflammatory nor highly prejudicial. The photographs in question corroborated the eyewitness's testimony regarding how the wounds occurred. They were material, relevant, and not admitted solely "to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner,* 32 NY2d 356 [1973]; *see People v Wood,* 79 NY2d 958 [1992]). Accordingly, they were properly admitted (*see People v Carranza,* 306 AD2d 351, 352 [2003], *affd* 3 NY3d 729 [2004]).

The jury charge on intent was not in any way improper. Thus, the defendant's contention that he received ineffective assistance of counsel based solely upon a failure to object to the portion of the jury charge relating to intent is without merit.

Based upon the defendant's extensive criminal record and the nature of his criminal conduct, the court's determination to sentence the defendant as a persistent felony offender was a provident exercise of its discretion (*see* Penal Law § 70.10; *People v Ramos,* 254 AD2d 373, 374 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction. Miller, J.P., Spolzino, Florio and Dillon, JJ., concur.