THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH EDWARDS, Appellant. [887 NYS2d 141]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered December 21, 2007, convicting him of robbery in the first degree (three counts), assault in the first degree (two counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, grand larceny in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that certain police testimony constituted impermissible bolstering (*see* CPL 470.05 [2]; *People v Tavarez,* 55 AD3d 932 [2008]). In any event, the testimony was properly admitted to complete the narrative of events that led to the defendant's arrest (*see People v Tavarez,* 55 AD3d 932 [2008]; *People v Cato,* 287 AD2d 415 [2001]; *People v Vanier,* 255 AD2d 610 [1998]; *People v Parris,* 247 AD2d 221, 222 [1998]; *People v Cruz,* 214 AD2d 952 [1995]).

The defendant also failed to preserve for appellate review his contention that the trial court should have given a missing witness charge (*see* CPL 470.05 [2]; *People v Williams,* 62 NY2d 765, 767 [1984]; *People v Stapleton,* 41 AD3d 744, 745 [2007]). In any event, this contention is without merit, as the People established that the uncalled witness was not in their control and was unavailable to testify (*see People v Gonzalez,* 68 NY2d 424, 428 [1986]; *cf. People v Marsalis,* 22 AD3d 866, 868 [2005]).

The defendant's general objection was insufficient to preserve for appellate review his claim that the trial court improperly

questioned the jurors to determine whether they were able to deliberate fairly and render an impartial verdict after one juror expressed feelings of unease that she attributed to all of the jurors (*see* CPL 470.05 [2]; *People v Peters,* 175 AD2d 220 [1991]). In any event, the claim is without merit. The trial court engaged in an adequately "probing and tactful inquiry" of the jurors (*People v Cargill,* 70 NY2d 687, 689 [1987]), and its determination to discharge only the juror who raised the concern is entitled to great weight on appeal (*see People v Olin,* 186 AD2d 74, 75 [1992]; *People v Gladstone,* 132 AD2d 567, 568 [1987]).

Additionally, under the circumstances of this case, the defendant was not denied his right to a public trial by the trial court's exclusion of his family members from the courtroom during the testimony of the victim and two civilian prosecution witnesses. Such exclusion was justified in light of the overriding interests of the witnesses's security and the clear reluctance of the victim and one of the other civilian prosecution witnesses to testify in the presence of the defendant's family members (*see People v Frost,* 100 NY2d 129, 137 [2003]; *People v Ming Li,* 91 NY2d 913, 917 [1998]; *People v Stover,* 36 AD3d 837 [2007]).

Lastly, the County Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion pursuant to CPL 330.30 to set aside the verdict, since the newly discovered evidence proffered by the defendant merely impeached and contradicted evidence adduced at trial (*see People v Salemi,* 309 NY 208, 216 [1955], *cert denied* 350 US 950 [1956]). Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.