■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIO DAWSON, Appellant. [13 NYS3d 235]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 16, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

In every criminal prosecution, the accused has a fundamental right to a public trial (*see* US Const 6th, 14th Amends; *see also* Civil Rights Law § 12; Judiciary Law § 4; *People v Martin*, 16 NY3d 607, 611 [2011]; *People v Jelke*, 308 NY 56, 61 [1954]). However, this right is not absolute and the trial court has discretion to close the courtroom to the public when rare circumstances warrant it (*see Waller v Georgia*, 467 US 39, 48 [1984]; *People v Martin*, 16 NY3d 607, 611 [2011]; *People v Jones*, 96 NY2d 213, 216 [2001]).

In order to comport with the requirements of the Sixth Amendment, a courtroom closure must satisfy a four-prong standard set forth by the United States Supreme Court in *Waller v Georgia*: (1) "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced," (2) "the closure must be no broader than necessary to protect that interest," (3) "the trial court must consider rea-

sonable alternatives to closing the proceeding," and (4) "it must make findings adequate to support the closure" (*Waller v Georgia*, 467 US at 48, citing *Press-Enterprise Co. v Superior Court of Cal., Riverside Cty.*, 464 US 501, 511-512 [1984]; *see Presley v Georgia*, 558 US 209, 214 [2010]; *People v Kin Kan*, 78 NY2d 54, 57-58 [1991]).

Contrary to the defendant's contentions, the trial court's partial closure of the courtroom during the testimony of the eyewitness to the stabbing by excluding a certain group of men from the courtroom was not error. The witness, who had entered the courthouse from a side entrance and had remained secluded in a room not accessible to the public before entering the courtroom, wore a hat pulled down low over her face and a hoodie into the courtroom and immediately requested a recess upon entering the courtroom and then refused to testify. Upon hearing the witness express her fear of testifying because of certain men in the audience whom she identified as affiliated with the defendant and belonging to a particular gang, the court conducted a closed courtroom hearing to ascertain the nature of the witness's fear and its effect upon her ability to testify in open court. The witness named one of the men and testified that she knew each of the men from her neighborhood, that they were members of a gang with which the defendant was affiliated, that the gang was a rival gang to the one in which her boyfriend was involved, and there had been prior violent altercations between the men in the courtroom and the witness's boyfriend. The witness testified that she believed that the men would attempt to kill her if she testified against the defendant. Further, she testified that one of the men made eye contact with her and shook his head at her in the courtroom, which she interpreted as a threat not to testify. The witness was very frightened by the idea that the men, who already knew her name, would now know her face. The evidence of the witness's extreme fear of testifying in open court before the men, her refusal to do so, the trial court's observations that, based upon the witness's demeanor, the fear was genuine, together with the fact that, although approximately 15 or so people were present during the stabbing of the decedent, the witness was the only person to come forward to the police, constitutes sufficient proof to establish an overriding interest that was likely to be prejudiced unless the courtroom was closed to the individuals of whom the witness was fearful (*see Waller v Georgia*, 467 US at 48; *People v Frost*, 100 NY2d 129, 137 [2003]; *People v Ming Li*, 91 NY2d 913, 917 [1998]). In addition, the scope of the closure was no broader than was necessary. The exclusions were limited to the men identified by the

witness as causing her fear, and their exclusion was limited to the duration of her testimony (*see People v Ming Li*, 91 NY2d at 917). Furthermore, the trial court explored the possibility of limiting the courtroom exclusion to only the individual who had shaken his head at the witness, but the witness indicated that her fear would not be abated if the other men she recognized remained in the courtroom. Accordingly, this record shows that the trial court, in directing the exclusion at issue, determined that no lesser alternative would protect the interest at stake (*see People v Echevarria*, 21 NY3d 1, 15 [2013]; *People v Ramos*, 90 NY2d 490, 504 [1997]).

The Supreme Court properly admitted the statements of the decedent that were made within minutes of the stabbing under the excited utterance exception to the hearsay rule (*see People v Cantave*, 21 NY3d 374, 381-382 [2013]; *People v Johnson*, 1 NY3d 302 [2003]; *People v Vasquez*, 88 NY2d 561, 579 [1996]; *People v Nieves*, 67 NY2d 125, 135 [1986]; *People v Edwards*, 47 NY2d 493 [1979]).

The hearing court should have granted suppression of the defendant's statement that was elicited by the police after he had invoked his right to counsel (*see Miranda v Arizona*, 384 US 436 [1966]), as the record indicates that the inquiry was investigative in nature and the pedigree exception to the *Miranda* rule is inapplicable under these facts (*see People v Antonio*, 86 AD2d 614 [1982]; *People v Rodriguez*, 111 Misc 2d 747, 750-751 [Sup Ct, Kings County 1981]). However, the error was harmless (*see People v Borukhova*, 89 AD3d 194, 216 [2011]). In this case, the evidence of the defendant's guilt was overwhelming: the eyewitness to the stabbing identified the defendant, whom she knew, at trial as the perpetrator, the decedent identified his attacker by the name "Picasso" in his excited utterance, and two witnesses who knew the defendant identified him at trial as the person known by that name. There is no reasonable possibility that the error contributed to the defendant's conviction, and the error did not deprive the defendant of his constitutional right to a fair trial (*see People v Paulman*, 5 NY3d 122, 134 [2005]; *People v Borukhova*, 89 AD3d at 216).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.