People v Israel (2019 NY Slip Op 07021)





People v Israel


2019 NY Slip Op 07021


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9958 2586/13

[*1]The People of the State of New York, Respondent,
v
Michael Israel, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Caitlin Glass of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at motion for disclosure of police records; Rena K. Uviller, J. at suppression hearing; Daniel P. McCullough, J. at jury trial and sentencing), rendered January 27, 2014, as amended February 19, 2014, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of three years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's belated challenge for cause to a selected juror (see 270.15[2]). Although the juror had not been sworn, jury selection had been completed, and defendant's request was for substitution of an alternate. Furthermore, the specific arguments defendant made at the time of the challenge did not require excusal of the juror for cause, and defendant did not request that the juror be recalled.
Under the exceptional circumstances of the case, the People established overriding interests that justified the hearing court's exclusion of defendant (but not his attorney), as well as the public from a limited portion of the suppression hearing (see People v Frost , 100 NY2d 129 [2003]; People v Castillo (80 NY2d 578 [1992], cert denied 507 US 1033 [1993]). Based, in part, on our review of sealed materials, we find that permitting defendant to learn any information about source of the community complaints in this case would have permitted defendant to ascertain the complainants' identities, and that their safety would have been jeopardized. We have considered and rejected defendant's remaining arguments on these issues.
The People provided reasonable assurances as to the identity and unchanged condition of the drugs seized from defendant. The absence of testimony from the chemist who initially tested the drugs went only to the weight of the evidence, not its admissibility (see People v Julian , 41 NY2d 340 [1977]).
The court providently exercised its discretion in declining to order production, for in [*2]camera review, of the arresting officers' personnel records and Civilian Complaint Review Board files. There was no showing that it was "reasonably likely" that the records would "directly bear" on defendant's guilt or innocence (People v Gissendanner , 48 NY2d 543, 550 [1979]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK