People v Stewart (2020 NY Slip Op 01583)





People v Stewart


2020 NY Slip Op 01583


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11234 3432/14

[*1] The People of the State of New York, Respondent,
v
Wayne Stewart, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 13, 2017, as amended May 12, 2017, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree, assault in the first and second degrees, criminal use of a firearm in the first degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 35 years to life, unanimously affirmed.
The trial court providently exercised its discretion in conducting the Mapp and Dunaway portions of the suppression hearing ex parte. Initially, we note that defendant did not preserve his claims concerning the ex parte proceedings and we decline to review them in the interest of justice (see e.g. People v Pilgrim, 101 AD3d 435 [1st Dept 2012], lv denied 21 NY3d 946 [2013]). Although counsel for the codefendant objected and proposed other ways to protect the informants' identities, defendant's counsel did not (see People v Bailey, 32 NY3d 70, 80 [2018]).
Similarly, defendant's right to counsel claim that would be exempt from preservation requirements fails as his counsel had ample opportunity to also lodge an objection to the court's decision to conduct proceedings without counsel (see e.g. People v Strothers, 87 AD3d 431 [1st Dept 2011]). As an alternative holding, we reject it on the merits. The People made an extensive and particularized record that established overriding interests justifying the ex parte proceeding (see People v Frost, 100 NY2d 129 [2003]; People v Castillo, 80 NY2d 578 [1992], cert denied 507 US 1033 [1993]). Revealing the facts provided by two informants would have permitted defendant to ascertain their identities, and would have placed them in grave danger (see generally People v Sweeper, 122 Misc 2d 386 [Sup Ct, NY County 1984]). These safety concerns justified the exclusion of counsel as well as defendant (see Frost, 100 NY2d at 134). These safety concerns also justified the court's granting the People a protective order delaying their production of discovery material relating to the identities of the confidential informants (see People v Santana, 100 AD3d 479, 479 [1st Dept 2012], lv denied 21 NY3d 1009 [2013]).
Further, we find the court providently exercised its discretion in admitting a videotape showing defendant in close proximity to a distinctive weapon, similar to the one used in the charged homicide (see e.g. People v Marte, 7 AD3d 405, 407 [1st Dept 2004], lv denied 3 NY3d 677 [2004]). The court properly determined that the videotape's probative value outweighed any undue prejudice arising from it (see e.g. People v Hayes, 168 AD3d 489 [1st Dept 2019], lv denied 33 NY3d 977 [2019]). Defendant failed to preserve his claim that the videotape should have been redacted and his challenges to alleged hearsay and statements made during the People's summation, and we decline to review these arguments in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v [*2]Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We reject defendant's challenges to the sufficiency and weight of the evidence supporting the convictions of felony murder and certain related charges (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that the incident in which the victim was killed constituted a felony murder in which defendant participated, rather than an intentional crime committed by the codefendant for his own purposes. Among other things, the jury could have reasonably found that defendant demanded the victim's property just before the codefendant fired the fatal shots.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK